UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division


FILED IN OPEN COURT
AUG 18 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **PLEA AGREEMENT** |
| v. | ) | Criminal No. 1:09-CR-206 (GBL) |
| DINORAH COBOS, | ) | Violation: 18 U.S.C. § 201(b) (Bribery) |
| | ) | 18 U.S.C. § 371 (Conspiracy) |
| Defendant. | ) | |

The United States of America and DINORAH COBOS ("defendant") and defendant's counsel hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. Defendant understands her rights:

    (a) to be represented by an attorney;

    (b) to plead not guilty to any criminal charge brought against her;

    (c) to have a trial by jury, at which she would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for her to be found guilty;

    (d) to confront and cross-examine witnesses against her and to subpoena witnesses in her defense at trial;

    (e) not to be compelled to incriminate herself;

    (f) to appeal her conviction, if she is found guilty; and

    (g) to appeal the imposition of sentence against her.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2. Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above, including all jurisdictional and venue defenses to the prosecution of this case and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against her in the United States District Court for the Eastern District of Virginia. Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. §§ 2241 or 2255 that challenges the sentence imposed by the Court unless the sentence imposed by the Court constitutes an upward departure from the Guideline range deemed applicable by the Court, as described in Paragraph 10, in which case defendant's appeal will be expressly limited to contesting the upward departure. This agreement does not affect the rights or obligations of the United States set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, shall act as a bar to defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Defendant will plead guilty to the Indictment filed in the Eastern District of Virginia on May 6, 2009, charging her with one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, and one count of bribery of a public official, in violation of 18 U.S.C. § 201(b). Defendant admits that, as charged in Count One of the Indictment, she did knowingly and unlawfully combine, conspire, confederate, and agree to commit an offense against the United States, that is, bribery, by directly and indirectly, corruptly giving, offering, and promising a thing of value, namely, money, to a

2

public official with intent to influence official acts and with intent to induce such public official to do and omit to do acts in violation of that official's lawful duty, and that defendant and her co-conspirators performed overt acts in furtherance of that conspiracy. Defendant further admits that, as charged in Count Two of the Indictment, she directly and indirectly, did corruptly give, offer, and promise something of value to a public official with intent to influence official acts and with intent to induce such public official to do and omit to do acts in violation of that official's lawful duty.

3. Pursuant to the terms of this Plea Agreement, defendant will plead guilty to the criminal charges described in Paragraph 2 and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4. Defendant is pleading guilty because she is guilty and understands that she will be adjudicated guilty of this offense. Defendant agrees that the facts in Paragraph 4 establish her guilt beyond a reasonable doubt.

## FACTUAL BASIS FOR OFFENSE CHARGED

4. Defendant knowingly, voluntarily, and truthfully admits as fact the allegations contained in the Indictment of May 6, 2009, which are incorporated herein by reference. In addition to those facts alleged in the Indictment, defendant admits that:

(a) During the relevant period, defendant and her co-conspirators paid at least as much as $106,000 to PERSON ONE in return for PERSON ONE facilitating, recommending, and obtaining approval from USACE to pay REAs submitted to USACE by SSG in the amount of up to $15 million.

## COMMISSION OF ADDITIONAL OFFENSE

5. In addition to the offenses of conviction, as described in Paragraph 4, defendant

3

also stipulates, pursuant to United States Sentencing Guidelines ("U.S.S.G." "Sentencing Guidelines," or "Guidelines") §1B1.2(c), to the commission of the following additional offense. For the purpose of sentencing pursuant to this Plea Agreement, this offense shall be treated as if defendant had been convicted of an additional count charging this offense.

(a) From in or about June 2005 until in or about December 2007, Gloria Martinez was a public official within the meaning of 18 U.S.C. § 201(a)(1).

(b) From in or about June 2005 until in or about December 2007, defendant conspired with Gloria Martinez and others known and unknown, to commit bribery, by, directly and indirectly, corruptly seeking, receiving, accepting, and agreeing to receive and accept money and other things of value, in return for Gloria Martinez being influenced in the performance of official acts and in return for Gloria Martinez being induced to do and omit to do acts in violation of her official duty; and defendant and her co-conspirators took overt acts in furtherance of the illegal objects of the conspiracy.

(c) As part of the conspiracy, from in or about June 2005 until in or about December 2007, defendant, Gloria Martinez, and others sought, received, accepted, and agreed to receive and accept things of value worth a total of at least $475,000.

(d) Defendant's additional offense conduct violated 18 U.S.C. § 371.

## POSSIBLE MAXIMUM SENTENCE

6. Defendant understands that the statutory maximum penalties which may be imposed against her upon conviction for a violation of 18 U.S.C. § 201(b) are:

(a) a term of imprisonment for fifteen (15) years (18 U.S.C. § 201(b));

(b) a fine in an amount equal to the greater of $250,000 or three times

4

the monetary equivalent of the thing of value (18 U.S.C. § 201(b)); and

 (c) a term of supervised release of not more than three years following any term of imprisonment. If defendant violates any condition of supervised release, defendant could be required to serve the entire term of supervised release in prison. 18 U.S.C. §§ 3559(a)(3); 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2).

7. Defendant understands that the statutory maximum penalties which may be imposed against her upon conviction for a violation of 18 U.S.C. § 371 are:

 (a) a term of imprisonment for five (5) years (18 U.S.C. § 371);

 (b) a fine in an amount equal to the greatest of: (1) $250,000; (2) twice the gross pecuniary gain derived from the crime; or (3) twice the gross pecuniary loss caused to the victims of the crime; and

 (c) a term of supervised release of not more than three years following any term of imprisonment. If defendant violates any condition of supervised release, defendant could be required to serve the entire term of supervised release in prison. 18 U.S.C. §§ 3559(a)(3); 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2).

8. In addition, defendant understands that:

 (a) pursuant 18 U.S.C. §§ 3663(a)(3) or 3583(d), the Court shall order her to pay restitution to the victims of the offense; and

 (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order defendant to pay a $200.00 special assessment upon conviction.

## SENTENCING GUIDELINES

9.  Defendant understands that the Guidelines are advisory, not mandatory, and that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant agrees that this Plea Agreement along with any sentencing memoranda and the record that will be created by the United States and defendant at the plea hearing will provide sufficient information concerning defendant, the crime charged, and defendant's role in the crime to enable the meaningful exercise of the Court's sentencing authority as required by 18 U.S.C. § 3553. Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that defendant provides to the United States pursuant to this Plea Agreement will not be used in determining defendant's applicable Guidelines range, except as provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

10.  The United States and defendant understand, agree and stipulate to the following applicable Sentencing Guidelines considerations and factors:

    (a)    The November 1, 2008 edition of the Guidelines applies;

    (b)    Counts One and Two of the Indictment and the Additional Offense Conduct group pursuant to U.S.S.G. §3D1.2(d), and the controlling Guideline is U.S.S.G. §2C1.1;

6

(c) Pursuant to Guideline §2C1.1, the base offense level is 12;

(d) The offense involved more than one bribe given, offered, and promised, and therefore a two-level increase is appropriate pursuant to U.S.S.G. §2C1.1(b)(1);

(e) The value of the thing obtained and to be obtained by public officials or others acting with public officials was at least more than $400,000 but less than $1,000,000, and thus a fourteen-level increase is appropriate pursuant to U.S.S.G. §§2C1.1(b)(2) and 2B1.1(b)(1)(G); and

(f) The Total Offense Level is 28.

11. The United States does not oppose a two-level reduction in defendant's combined offense level, based upon defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the Court determines defendant's offense level to be 16 or greater prior to the operation of U.S.S.G. §3E1.1(a), the United States agrees to make a motion under U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of defendant's timely notification of her intention to plead guilty. The United States may oppose any adjustment for acceptance of responsibility if defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offenses; (c) gives conflicting statements about her involvement in the offenses; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty.

12. In the event the United States learns of information between the date of this Plea Agreement and the date of sentencing that, together with the information currently in the

possession of the United States, persuades the United States that such an adjustment would be appropriate, the United States reserves the right to argue for the application of a two-level adjustment under U.S.S.G. §3C1.1, Obstructing and Impeding the Administration of Justice. Defendant reserves her right to oppose any such adjustment.

13. Defendant understands that there is no agreement as to her criminal history or criminal history category, and that her criminal history or criminal history category could alter her offense level, if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of her income.

14. The United States and defendant agree that with respect to the calculation of the advisory Guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments as set forth in Chapters 2, 3, 4, or 5 of the Sentencing Guidelines will be raised, argued, or are in dispute.

15. If the United States determines that defendant has provided substantial assistance in any investigation or prosecution, and has otherwise fully complied with all of the terms of this Plea Agreement, it will file a motion, pursuant to U.S.S.G. §5K1.1, advising the sentencing judge of all the relevant facts pertaining to that determination and requesting the Court to sentence defendant in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5). Defendant acknowledges that the decision with respect to whether she has provided substantial assistance in any investigation or prosecution, and has otherwise fully complied with all of the terms of this Plea Agreement is within the sole discretion of the United States and further agrees that she will not contest the departure level recommended by the United States, if the United States makes a motion pursuant to U.S.S.G. §5K1.1. It is understood that should the United States determine

that defendant has not provided substantial assistance in any investigations or prosecutions, or should the United States determine that defendant has violated any provision of this Plea Agreement, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §5K1.1, but will not entitle defendant to withdraw her guilty plea once it has been entered. Defendant further understands that whether or not the United States files a motion pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on her remains within the sole discretion of the sentencing judge.

16. Subject to the ongoing, full, and truthful cooperation of defendant as described in Paragraph 19 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of defendant's cooperation and her commitment to prospective cooperation with the United States's investigations and prosecutions, all material facts relating to defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and defendant will not oppose, that sentencing be postponed until her cooperation is completed.

17. Defendant, her attorney, and the United States acknowledge and agree that the above calculations are preliminary in nature and based on facts known to the United States as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guidelines calculation. The validity of this Plea Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations and defendant has no right to withdraw her Plea

Agreement if the probation officer or the Court do not agree or concur with the calculations, stipulations, or recommendations of the parties. Defendant further understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the calculations, stipulations, or recommendations contained in this Plea Agreement, she, nevertheless, has no right to withdraw her plea of guilty.

## RESTITUTION

18. Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, if any, pursuant to 18 U.S.C. §§ 3556, 3663, and 3664(f)(1)(A). Defendant agrees that her restitution obligation shall be joint and several with any other defendants ultimately convicted in this matter, if any, and that the Court may apportion liability among defendants, pursuant to the procedures set forth in 18 U.S.C. § 3664, to reflect the level of contribution to the victims' losses and economic circumstances of each defendant. The United States agrees not to oppose the imposition of a reasonable payment schedule, as directed by the Court after its review of the factors enumerated in 18 U.S.C. § 3664. The United States and defendant agree that, at this time, they are aware of restitution owed for the following losses:

    A.    $475,000 to the United States Department of Defense.

## DEFENDANT'S COOPERATION

19. Defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the investigation of violations of federal criminal laws involving illegal activity in the Afghanistan Engineer District or elsewhere in Afghanistan, the Gulf Regional District or elsewhere in Iraq, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the

United States is a party ("Relevant Proceeding"). The ongoing, full, and truthful cooperation of defendant shall include, but not be limited to:

(a) producing all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of defendant, requested by attorneys and agents of the United States;

(b) making herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Relevant Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503 et seq.);

(d) otherwise voluntarily providing the United States with any non-privileged material or information, not requested in (a) - (c) of this paragraph, that she may have that is related to any Relevant Proceeding; and

(e) when called upon to do so by the United States in connection with any Relevant Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-02), and obstruction of justice (18 U.S.C. § 1503 et seq.).

## GOVERNMENT'S AGREEMENT

20. Subject to the full, truthful, and continuing cooperation of defendant, as described

in Paragraph 19 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States will not bring further criminal charges against defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the crimes arising from the facts set forth in the Indictment and in this Plea Agreement ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

21. Defendant understands that she may be subject to administrative action by federal or state agencies other than the Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.

## REPRESENTATION BY COUNSEL

22. Defendant has reviewed all legal and factual aspects of this case with her attorney and is fully satisfied with her attorney's legal representation. Defendant has thoroughly reviewed this Plea Agreement with her attorney and has received satisfactory explanations from her attorney concerning each paragraph of this Plea Agreement and alternatives available to defendant other than entering into this Plea Agreement. After conferring with her attorney and considering all available alternatives, defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

# VOLUNTARY PLEA

23. Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

# VIOLATION OF PLEA AGREEMENT

24. Defendant agrees that should the United States determine in good faith, during the period that any Relevant Proceeding is pending, that defendant has failed to provide full and truthful cooperation, as described in Paragraph 19 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify defendant or her counsel in writing by personal or overnight delivery or facsimile transmission and may also notify her counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against defendant for any of the Relevant Offenses, the statute of limitations period for such offenses will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

25. Defendant understands and agrees that in any further prosecution of her resulting

13

from the release of the United States from its obligations under this Plea Agreement based on defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by her to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against her in any such further prosecution. In addition, defendant unconditionally waives her right to challenge the use of such evidence in any such further prosecution, notwithstanding Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

26. This Plea Agreement constitutes the entire agreement between the United States and defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and defendant.

27. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

28. A facsimile or other electronically transmitted signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Respectfully submitted,

8/11/09
Date

Mark W. Pletcher
Hays Gorey, Jr.
Finnuala M. Kelleher
Jessica Covell
Trial Attorneys
United States Department of Justice
450 Fifth Street, N.W.; Suite 11300
Washington, D.C. 20530

Dana J. Boente
United States Attorney

By: ␣␣␣/s/ Jack Hanly␣␣␣
Jack Hanly
Assistant United States Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3773
Fax: 703-299-3981
Email: jack.hanly@usdoj.gov

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I have reviewed the factual and advisory Guidelines stipulations with my attorney, and I do not wish to change any of them. I am completely satisfied with the representation of my attorney.

8/17/09
Date

Dinorah Cobos

I am Dinorah Cobos's attorney. I have carefully reviewed every part of this agreement with her. To my knowledge, her decision to enter into this agreement is informed and voluntary.

8/11/09
Date

Roscoe Howard, Esq.
Counsel for Dinorah Cobos

15